UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| PAMELA RODKEY and CHERIE CUMMINGS, on behalf of themselves and all other similarly situated employees nationwide, and on behalf of the Ohio and Oregon Classes, | Case No. 3:16-cv-311 |
| | Judge Thomas M. Rose |
| Plaintiffs, | |
| v. | |
| 1-800 FLOWERS TEAM SERVICES, INC., HARRY AND DAVID, LLC, 1-800-FLOWERS SERVICES SUPPORT CENTER, INC., and DOES 1-20, INCLUSIVE, | |
| Defendants. | |

_____

**ENTRY AND ORDER GRANTING DEFENDANT 1-800 FLOWERS TEAM SERVICES, INC.'S MOTION TO DISMISS (DOC. 23) PLAINTIFF'S FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT (DOC. 21) FOR LACK OF PERSONAL JURISDICTION**
_____

This case is before the Court on Defendant 1-800-Flowers Team Services, Inc.'s Motion to Dismiss (Doc. 23) the First Amended Collective and Class Action Complaint ("First Amended Complaint") (Doc. 21) for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Plaintiffs assert class and collective claims against Defendants 1-800-Flowers Services Support Center ("1-800-Flowers Support Center"), Harry and David, LLC ("Harry and David"), 1-800-Flowers Team Services, Inc. ("Team Services") and several as-yet-identified Defendants (Does 1-20) for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, *et seq.*, and Ohio and Oregon law. 1-800-Flowers Support Center and Harry and David filed an Answer to the First Amended Complaint. Team Services did not. Instead, Team Services filed the

Motion to Dismiss now before the Court. Team Services argues that the Court does not have personal jurisdiction over it because it does not have sufficient contacts with the State of Ohio to satisfy Ohio's long-arm statute or constitutional due process requirements. Plaintiffs filed a memorandum in opposition to the Motion to Dismiss, in response to which Team Services filed a reply memorandum. (Docs. 25, 27.) The matter is therefore fully briefed and ripe for review. For the reasons below, the Court **GRANTS** Team Services's Motion to Dismiss for lack of personal jurisdiction under Rule 12(b)(2).

**I.     BACKGROUND**

1-800-Flowers.com, Inc. is a Delaware corporation with its principal place of business in New York. (*Id.* at ¶ 9.) 1-800-Flowers.com describes itself as "the leading provider of gourmet and floral gifts for all occasions" and operates under the following brands: 1-800-Flowers.com, Harry & David, Cheryl's, The Popcorn Factory, Fannie May, 1-800 Baskets.com, Wolferman's, Fruit Bouquets by 1-800-Flowers.com, Stock Yards, and BloomNet. (*Id.* at ¶¶ 10, 12.)

Defendant 1-800-Flowers Support Center is a wholly-owned subsidiary of 1-800-Flowers.com and maintains its principal office at the same location as 1-800-Flowers.com in New York. (*Id.* at ¶¶ 16-17.) 1-800-Flowers Support Center employed Plaintiff Pamela Rodkey, an Ohio resident, as a customer service specialist in Ohio from approximately August 2009 to October 31, 2014. (*Id.* at ¶ 6.) Defendant Harry and David is an Oregon limited liability company with its principal place of business in Oregon. (*Id.* at ¶ 19.) Since 2014, Harry and David has been owned and operated by 1-800-Flowers.com. (*Id.* at ¶ 20.) Harry and David employed Plaintiff Cherie Cummings, an Oregon resident, in Oregon from July 19, 2012 to March 26, 2016. (*Id.* at ¶ 7, 27.)

Defendant Team Services is incorporated in Delaware and has its principal place of

2

business at the same location as 1-800-Flowers.com in New York. (*Id.* at ¶¶ 9, 14; Doc. 23-1 at ¶ 4.) Team Services is an operating subsidiary of 1-800-Flowers.com and issued paychecks to Plaintiffs on behalf of 1-800-Flowers Support Center and Harry and David. (*Id.* at ¶¶ 14-15.) Plaintiffs allege that their respective employers failed to pay them overtime compensation in violation of the FLSA (Counts I and II), the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.03 (Count III), and Oregon State Law (Count IV). (Doc. 21.)

## II. **LEGAL STANDARD**

When considering a motion to dismiss for lack of personal jurisdiction, the Court first must determine whether the forum state's long-arm statute—in this case, Ohio's long-arm statute—authorizes personal jurisdiction. *Thompson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 361 (6th Cir. 2008). If personal jurisdiction exists under the long-arm statute, then the Court must determine whether the exercise of personal jurisdiction also comports with constitutional due process requirements. *Id*. Plaintiffs bear the burden of establishing the existence of personal jurisdiction. *Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014). Where, as here, the Court rules on motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the Court must consider the pleadings and affidavits in the light most favorable to the nonmoving party. *Id*. (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996)). "To defeat such a motion, [plaintiffs] need only make a prima facie showing of jurisdiction." *CompuServe*, 89 F.3d at 1262.

### III. ANALYSIS

#### A. Ohio's Long Arm Statute

Under Ohio law, "[j]urisdiction may be found to exist either generally, in cases in which a defendant's 'continuous and systematic' conduct within the forum state renders that defendant amenable to suit in any lawsuit brought against it in the forum state, or specifically, in cases in which the subject matter of the lawsuit arises out of or is related to the defendant's contacts with the forum." *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 361 (6th Cir. 2008) (citing *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir.1996)).

Ohio's long-arm statute specifically provides that a court may exercise personal jurisdiction over an out-of-state defendant where the cause of action at issue arises from, *inter alia*, the defendant:

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

(3) Causing tortious injury by an act or omission in this state;

Ohio Rev. Code § 2307.382(A).

##### 1. Whether Team Services Transacted Any Business in Ohio

Plaintiffs first argue that the exercise of personal jurisdiction is proper because Team Services has transacted "any business in this state" under Section 2307.382(A)(1). The Supreme Court of Ohio has held that this requirement is "very broadly worded and permit[s] jurisdiction over nonresident defendants who are *transacting any* business in Ohio." *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 559 N.E.2d 477, 480 (Ohio 1990) (emphasis in original). Courts have considered two factors to help determine whether a non-resident defendant has transacted any business in Ohio within the meaning of its long-arm statute: (1) whether the non-

4

resident defendant initiated the business dealing, and (2) whether the parties conducted their negotiations or discussions in Ohio or with terms affecting Ohio. *Dayton Superior Corp. v. Yan*, 288 F.R.D. 151, 161 (S.D. Ohio 2012). The non-resident defendant's ties must create a "substantial connection" with Ohio in order for personal jurisdiction to be authorized under the transacting-any-business provision. *U.S. Sprint Commc'ns Co. Ltd P'ship v. Mr. K's Foods, Inc.*, 624 N.E.2d 1048, 1052 (Ohio 1994).

As to the first factor, Plaintiffs argue that Team Services, "through its joint employer 1-800 Flowers.com, reached out to Plaintiff Rodkey through a job listing in Ohio." (Doc. 25 at 5 (citing Doc. 25-1 at ¶ 3).) This argument is premised on a finding that Team Services and 1-800-Flowers.com should be treated as a single entity for jurisdictional purposes. Yet, as alleged in the First Amended Complaint, Team Services is a separate legal entity—specifically an "operating subsidiary" of 1-800-Flowers.com. (Doc. 21 at ¶ 9.) Consistent with this allegation, Team Services submitted a declaration from 1-800-Flowers.com's Assistant Treasurer stating that all three Defendants—1-800-Flowers Support Center, Harry and David, and Team Services—are each a separate legal entity. (Doc. 23-1 at ¶ 10.) Accordingly, they each have their own articles of incorporation and corporate bylaws, maintain their own respective sets of corporate minutes, and keep different financial books and records. (*Id.* at ¶¶ 10-11.) 1-800-Flowers Support Center, not Team Services, is the entity that employed Rodkey. (*Id.* at ¶ 7.)

The Sixth Circuit has held that a court may not exercise personal jurisdiction over a corporate defendant based on its relationship with another corporation that is subject to personal jurisdiction, unless the corporate defendant is an alter ego or successor to the other corporation. *See Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 361 (6th Cir. 2008) (citing *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 653 (5th

5

Cir. 2000)). Here, Plaintiffs have not made a prima facie showing that Team Services is an alter ego of 1-800-Flowers.com or that there is any other reason for the Court to disregard Team Services's status as a separate legal entity.

The only argument that Plaintiffs make in this regard is that Team Services qualifies as a "joint employer" under the FLSA. (Doc. 25 at 17.) The question of whether Team Services qualifies as a "joint employer" is different, however, than the question of whether it should be treated as one and the same as another corporation for personal jurisdiction purposes. *Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 944-45 (7th Cir. 2000) ("The fact that a defendant would be liable under a statute if personal jurisdiction over it could be obtained is irrelevant to the question of whether such jurisdiction can be exercised."); *Enterprise Rent-A-Car*, 735 F. Supp.2d at 328 ("the joint employer theory and similar concepts are relevant for determining liability, but are not for determining whether a court may exercise personal jurisdictional over a party"). The FLSA's regulations regarding joint employers are intended to protect employees where their work for two or more different employers should be aggregated for purposes of the Act. 29 C.F.R. § 791.2. Thus, even if the Court were to find that Team Services qualified as a "joint employer," that finding would not decide the issue before the Court.

Once the question of whether Team Services is a "joint employer" is set aside, it is evident that Plaintiffs are attempting to attribute actions to Team Services that were taken by others. Team Services did not reach out to Rodkey through a job listing posted in Ohio, 1-800-Flowers.com did. (Doc. 25-1 at ¶ 3.) Team Services did not employ Rodkey, 1-800-Flowers Support Center did. (Doc. 21 at ¶ 18; Doc. 23-1 at ¶ 7.) The only action that Team Services directed to Ohio was issuing paychecks on behalf of 1-800-Flowers Support Center to Rodkey in

6

Ohio. (Doc. 25-1 at ¶ 7; Doc. 25-2.) The issuance of those paychecks included withholding from Rodkey's compensation certain amounts for the payment of state and local taxes in Ohio. (Doc. 25-1 at ¶ 8; Doc. 25-3.)

As discussed earlier, the first factor to consider when evaluating whether a defendant has transacted "any business" under the long-arm statute is whether the defendant initiated the business dealing in Ohio. Team Services issued paychecks at the direction of 1-800-Flowers Support Center; it did not initiate any contact with Rodkey, much less a business dealing. The second factor is whether the parties conducted their negotiations or discussions in Ohio or with terms affecting Ohio. This factor is also not satisfied. Team Services did not have any discussions with Rodkey.

The Supreme Court of Ohio further stated that a non-resident defendant's contacts with the forum must create a "substantial connection" in order for personal jurisdiction to be authorized under this provision. *Mr. K's Foods, Inc.*, 624 N.E.2d at 1052. Providing an administrative payroll service for a company's Ohio-based employees does not meet this standard. Plaintiffs assert that courts in Ohio and around the country have consistently held that "paying an employee in the forum-state for services rendered in the forum-state constitutes 'transacting business' and establishes personal jurisdiction over the paying entity." (Doc. 25 at 6-7.) All of the cases cited by Plaintiffs for that proposition, however, are distinguishable from this case:

- In *ALTA Analytics, Inc. v. Muuss*, 75 F. Supp. 2d 773 (S.D. Ohio 1999), the court found that it had personal jurisdiction over an individual who contracted for employment with an Ohio corporation and performed duties on that corporation's behalf inside and outside of Ohio.

- In *Ricker v. Bobcat of Orlando, Inc.*, 2004-Ohio-6070, ¶ 12, the corporate defendant was within the court's personal jurisdiction because it had initiated the parties' dealings in Ohio, sent correspondence to the plaintiff's Ohio

office, spoke to plaintiff in Ohio by telephone, met in Columbus to discuss plaintiff's business, and formed an oral contract in Ohio.

- In *Colon v. Chart House Enterprises, Inc.*, 79 F. Supp. 2d 25 (D.P.R. 1999), the corporate defendant made policies for its restaurants in the forum, advertised that it operated a restaurant in the forum, and directed payments to employees in the forum.  An agent of the defendant also made the decision to terminate a plaintiff's employment in the forum, which decision "constitute[d] the crux of the actionable conduct of which Plaintiffs complain."  *Id*. at 29.

- In *Hall v. Environmental Chemical Corp.*, 64 F. Supp. 2d 638 (S.D. Tex. 1999), the corporate defendant engaged in recruiting efforts in the forum, which resulted in the plaintiff, a forum resident, agreeing to work for it.  The Defendant mailed an employment contract to the plaintiff's home in the forum,  later, paid the transportation and lodging expenses for plaintiff to complete a training program outside the forum, and mailed plaintiff's paychecks to him in the forum.  *Id*. at 642-43.

- In *Foster v. GlobalSantaFe Offshore Serv.*, No. CIV.A. 13-00065, 2013 WL 4012705 (E.D. La. Aug. 6, 2013), the court found that it "likely" had specific jurisdiction because the defendant conducted mandatory training in the forum and at least some contacts related to the claim occurred in the forum. Alternatively, the court determined that it had personal jurisdiction under Fed. R. Civ. P.  4(k)(2), which serves the function of "sanction[ing] personal jurisdiction over foreign defendants for claims arising under federal law when the defendant has sufficient contacts with the nation as a whole to justify the imposition of United States' law but without sufficient contacts to satisfy the due process concerns of the long-arm statute of any particular state."  *Id.* at *3-*4 (internal quotes and citation omitted).

- In *Alonso v. Agrigenetics, Inc.*, No. CV B-04-005, 2005 WL 8131247 (S.D. Tex. Mar. 8, 2005), the court exercised its personal jurisdiction over a corporate defendant that hired a contractor to recruit employees in the forum and sent materials regarding the job opportunity to the contractor in the forum. The employer also sent its employees' final paychecks to them in the forum. *Id.* at *6.

Team Services's contacts with Ohio do not create the same substantial connection with the forum that existed in these cases.  In the *Foster* case, the court also based its decision on Rule 4(k)(2), which is designed for circumstances where a foreign defendant has sufficient contacts with the nation as a whole, but would not be subject to personal jurisdiction in any state.  Plaintiffs do not argue that Rule 4(k)(2) is applicable here.

8

The cases cited by Team Services are more persuasive. *See Anderson v. GlobalSantaFe Offshore Services, Inc.*, 924 F.Supp. 2d 738, 746 (E.D. La. 2013) ("Merely . . . sending [paychecks] to [the plaintiff] here [does] not indicate that [the defendant] intended to avail itself of the privilege of doing business here."); *South v. GoJet Airlines, LLC*, No. 4:12-CV-00378-JEG, 2013 WL 6253582, at *7 (S.D. Iowa Sept. 30, 2013) (same); *Garrett v. Prime Transp., Inc.*, No. 3:10-CV-297 RM, 2011 WL 2648582, at *7 (N.D. Ind. July 5, 2011) ("That [plaintiff] . . . received his paycheck from, and mailed paperwork to, [the defendant's] Indiana office is merely incidental . . . and doesn't establish the continuous and systematic contacts necessary to exercise general personal jurisdiction in this case."); *Gaul v. Zep Mfg. Co.*, No. CIV.A. 03-2439, 2004 WL 1171210, at *5 (E.D. Pa. May 26, 2004) (parent company was not subject to personal jurisdiction in the forum state based on actions by subsidiary even where the parent company was listed as plaintiff's employer on W-2 forms and issued the plaintiff her paychecks); *Ryan Transp. Servs., Inc v. Fleet Logistics, L.L.C.*, No. CIV.A. 04-2445-CM, 2005 WL 2708344, at *1 (D. Kan. Oct. 21, 2005) (company that monitored the shipping of goods and acted as paymaster for invoices—including the monitoring of goods shipped by a corporation based in the forum—did "not 'represent an effort by the defendant to purposefully avail itself to the privilege of conducting activities within the forum state'"). In each of these cases, the court found that merely providing an administrative service directed into the forum state did not amount to sufficient contacts to confer personal jurisdiction.

Team Services does not have an office or mailing address in Ohio; does not own, lease, manage, or maintain any property in Ohio; and does not have any employees in Ohio. (Doc. 23-1 at ¶ 5.) By sending paychecks to Rodkey in Ohio on behalf of 1-800-Flowers Support Center, Team Services did not transact business in Ohio within the meaning of its long-arm statute. The

9

addresses to which Team Services sent paychecks were incidental to its agreement to provide a payroll service for 1-800-Flowers Support Center.  There is no evidence that Team Services negotiated or entered into that agreement in Ohio.

### 2. Whether Plaintiffs' Claims Arise Out Of or Result From Team Services's Forum-Related Actions

Plaintiffs also argue that the Court may exercise personal jurisdiction over Team Services because this case arises out of its contacts with Ohio.  Although Plaintiffs do not reference the provision of Ohio's long-arm statute on which they rely, this argument corresponds to Ohio Rev. Code § 2307.382(A)(3), which permits the exercise of personal jurisdiction where a defendant causes "tortious injury by an act or omission in this state."  Plaintiffs reason that their FLSA claims arise out of Team Services's issuance of paychecks to Rodkey in Ohio because Plaintiffs allege that those paychecks were deficient.  While, on its surface, this reasoning appears sound, it does not reflect the reality of Team Services's relationship to Rodkey and the elements of her FLSA claims.

To prevail on their claims under the FLSA and Ohio Minimum Fair Wage Standards Act, Plaintiffs must prove that they were non-exempt employees who were not properly compensated for the hours that they worked in excess of forty hours per week.  29 U.S.C. § 207; Ohio Rev. Code § 4111.03.  There is no evidence that Team Services determined either Rodkey's designation as exempt or non-exempt or the amount that she was paid for her overtime hours.  Based on the record before the Court, Team Services only issued paychecks to Rodkey in the amounts determined by 1-800-Flowers Support Center.  The issuance of the paycheck in itself does not give rise to any of Plaintiffs' claims.  Therefore, the Court does not have personal jurisdiction over Team Services under Section 2307.382(A)(3).

### B. Constitutional Due Process

Team Services is entitled to dismissal of the First Amended Complaint based on Plaintiffs' failure to make a prima facie showing of personal jurisdiction under Ohio's long-arm statute alone. Nonetheless, the Court further finds that the exercise of personal jurisdiction over Team Services also would not comport with constitutional due process requirements.

The Sixth Circuit has held that, in order to demonstrate personal jurisdiction over a defendant, a plaintiff must satisfy the requirements of constitutional due process set forth in the following three-prong test:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Means v. United States Conference of Catholic Bishops*, 836 F.3d 643, 649 (6th Cir. 2016) (quoting *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). The Sixth Circuit underscored that the first prong, "purposeful availment," is "'essential' to a finding of personal jurisdiction." *Id.* (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir. 2005)). "'Purposeful availment' . . . is present where the defendant's contacts with the forum state 'proximately result from actions by the defendant himself that create a "substantial connection" with the forum state . . . .'" *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889 (6th Cir. 2002) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden v. Fiore*, ––– U.S. ––––, 134 S.Ct. 1115, 1123, 188 L.Ed.2d 12 (2014) (quoting *Burger King Corp.*, 471 U.S. at 475).

11

Here, Team Services's issuance of paychecks to employees in Ohio does not amount to purposeful availment of the privilege of acting in the forum. Stated another way, Team Services's contacts with Ohio are the fortuitous result of its relationship with 1-800-Flowers Support Center, not purposeful availment. Regardless of how it is said, the Court does not have personal jurisdiction over Team Services under the three-prong test set forth in *Southern Machine*.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss (Doc. 23) the First Amended Complaint (Doc. 21) as to Defendant Team Services for lack of personal jurisdiction.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, January 23, 2017.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE